UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS HANSERD,

    Petitioner,                                    Case No. 1:16-CV-14431

v.                                                 Honorable Thomas L. Ludington

SHIRLEE HARRY,

    Respondent,
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Marcus Hanserd, presently confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 21, 2016. ECF No. 1. Petitioner was convicted in the Saginaw County Circuit Court of armed robbery, Mich. Comp Laws § 750.529, and sentenced to fifteen to forty-five years in prison. Petitioner contends that the trial court improperly scored points under the offense variables of the Michigan Sentencing Guidelines by considering factors which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by Petitioner. Petitioner further contends that the trial court erred in assessing twenty five points under prior record variable 1 of the Michigan Sentencing Guidelines. Petitioner further argues that trial counsel was ineffective for failing to object to the scoring of the sentencing guidelines. For the reasons that follow, the petition for writ of habeas corpus will be summarily denied.

**I.**

Petitioner was convicted following a jury trial in the Saginaw County Circuit Court. Petitioner's conviction and sentence were affirmed on direct appeal. *People v. Hanserd*, No.

259868, 2006 WL 1009040 (Mich. Ct. App. Apr. 18, 2006); *lv. den.* 476 Mich. 868, 720 N.W. 2d 315 (2006).

Petitioner subsequently filed a post-conviction motion for relief from judgment, which was denied. *People v. Hanserd,* No. 04-024484-FC (Saginaw Cty. Cir. Ct., June 10, 2014). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Hanserd*, No. 323099 (Mich.Ct.App. Nov. 7, 2014); *lv. den.* 499 Mich. 897, 876 N.W.2d 822 (2016).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Defendant must be resentenced because the trial court's factual findings supporting its scoring of the sentence guidelines offense variables were not determined by a jury.
>
> II. Defendant is entitled to resentencing where there was no basis for assessing 25 points for Prior Record Variable 1. A correct scoring of PRV 1 changes the sentencing guidelines.
>
> III. The Petitioner's sentence is invalid because counsel failed to challenge the inaccurate information that was used to enhance his sentence unconstitutionally.

Pet., ECF No. 1.

**II.**

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir.1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434,

436 (6th Cir.1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, this Court concludes that the petitioner's sentencing claims do not entitle him to habeas relief. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004). The Court likewise concludes that Petitioner's related ineffective assistance of counsel claim is meritless. *See Mathews v. United States,* 11 F. 3d 583, 585 (6th Cir. 1993) (affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim). The petition will be summarily denied.

### III.

Petitioner initially claims that the trial court incorrectly scored several offense variables and prior record variable 1 of the Michigan Sentencing Guidelines.

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Thus, a sentence imposed within the statutory limits is generally not subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claims that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines are not cognizable claims for federal habeas review because they are fundamentally state law claims. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007) (unpublished)*; Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003) (unpublished); *McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.* Petitioner's claims that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle him to habeas relief because such departures do not violate federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000).

Petitioner further contends, however, that the trial judge violated his Sixth Amendment right to a jury trial by using facts that had not been submitted to a jury in order to score the offense variables in his case.[1]

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be

---

[1] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7, 666 N.W. 2d 231 (2003) (citing M.C.L.A. 769.34(2)). The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 470 Mich. 715, 730, n. 14, 684 N.W. 2d 278 (2004)(citing M.C.L.A. 769.8).

proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Supreme Court held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 133 S. Ct. at 2157–58.

At the time of the petitioner's conviction and sentence, *Harris* was the law. In addition, *Alleyne* has not been made retroactive to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014). Because the Supreme Court did not require, at the time of the petitioner's conviction, that facts which increase a criminal defendant's minimum sentence be proven beyond a reasonable doubt, Petitioner is not entitled to habeas relief on his first claim. *See Gibson v. Tribley*, No. 10-13364, 2013 WL 3353905, at * 8 (E.D. Mich. July 3, 2013).

Moreover, *Alleyne* is inapplicable to the petitioner's case because the Supreme Court's holding in "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range." *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *see also United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (unpublished) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) (unpublished) ("But *Alleyne* held only that 'facts that increase a mandatory

statutory minimum [are] part of the substantive offense.' . . . It said nothing about guidelines sentencing factors. . . ."). The same thing occurred in this case. The Sixth Circuit, in fact, has ruled that *Alleyne* did not decide the question whether judicial factfinding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013) (unpublished).

The Court is aware that the Michigan Supreme Court recently relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015).

The petitioner cannot rely on *Lockridge* to obtain relief with this Court. The AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. *See Miller v. Straub*, 299 F. 3d 570, 578–579 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 1:16-CV-206, 2016 WL 1068744, at *5 (W.D. Mich. Mar. 18, 2016). In light of the fact that the Sixth Circuit has ruled that *Alleyne* does not apply to sentencing guidelines factors, reasonable jurists at a minimum could disagree about whether *Alleyne* applies to the calculation of Michigan's minimum sentencing guidelines. *Id.* at *6. "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.*; *See also Perez v. Rivard*, No. 2:14-CV-12326, 2015 WL 3620426, at *12 (E.D. Mich., June 9, 2015) (petitioner not entitled to habeas relief on claim that his sentencing guidelines scored in violation of *Alleyne*). Petitioner is not entitled to relief on this portion of his first claim.

In his second claim, Petitioner argues that the trial court improperly assessed 25 points against the petitioner under prior record variable 1 for having a prior high severity felony conviction. Petitioner argues that his prior conviction for attempted assault with intent to rob unarmed does not constitute a prior high severity felony conviction. Petitioner's third claim asserts that his trial counsel was ineffective foe failing to object to the assessment.

Petitioner raised these claims in his motion for relief from judgment. The trial judge denied the motion, finding that prior record variable 1 had been correctly scored, meaning counsel was not ineffective for agreeing that this variable should be scored at 25 points. *People v. Hanserd,* No. 04-024484-FC, *2 (Saginaw Cty. Cir. Ct., June 10, 2014). The Michigan Court of Appeals and the Michigan Supreme Court subsequently denied the petitioner leave to appeal.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel to show a reasonable

probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385–86 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler,* 132 S. Ct. at 1386 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

In this case, the trial judge concluded that there was a factual basis for the scoring of Prior Record Variable 1 under Michigan's Sentencing Guidelines and the Michigan appellate courts upheld this ruling.

As the Eleventh Circuit noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." See *Hammond v. Hall,* 586 F.3d 1289, 1340 (11th Cir. 2009).

Here, the trial judge concluded that there was a factual basis for the scoring of prior record variable 1 under the Sentencing Guidelines and the Michigan appellate courts upheld this ruling. Petitioner's second claim was thus raised and rejected on direct appeal. 28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an

"unreasonable application of" clearly established Supreme Court law. Petitioner has not provided any reason to believe that the Michigan appellate court's decision was contrary to clearly established Supreme Court law. Petitioner's second claim thus fails.

Likewise, Petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Coleman v. Curtin*, 425 F. App'x 483, 485 (6th Cir. 2011) (unpublished). If "one is left with pure speculation on whether the outcome of . . . the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F. 3d 310, 322 (6th Cir. 2004). Because Petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence, Petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of prior record variable 1. *See Spencer v. Booker*, 254 F. App'x. 520, 525–26 (6th Cir. 2007) (unpublished). Petitioner is not entitled to relief on his third claim.

## IV.

The Court will summarily deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or

wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous.

**V.**

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **SUMMARILY DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

Dated: January 17, 2017         s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 17, 2017.

                    s/Michael A. Sian
                    MICHAEL A. SIAN, Case Manager